UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

|  |  |
|---|---|
| IN RE:<br><br>MSS, INC.,<br><br>      Debtor.<br><hr><br>MSS, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>HUNT ELECTRIC SUPPLY<br>COMPANY,<br><br>      Defendant. | Case No. 23-02487-5-JNC<br>Chapter 11<br><br><br><br><br>Adversary Proceeding<br>No. 25-00045-5-JNC |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Hunt Electric Supply Company moves pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7056, for entry of summary judgment in its favor on the remaining claim asserted by Plaintiff MSS, Inc. ("MSS"). As explained in the accompanying Memorandum of Law, there is no genuine issue of material fact as to two of the alleged transfers, and Hunt is entitled to judgment as a matter of law as to those transfers. In support of this motion, Defendant relies on the pleadings of record, the Court's Order dated September 2, 2025 on Defendant's Motion to Dismiss (D.E. 21), and the Affidavit of Victoria S. Hunt in support of Defendant's Motion for Summary Judgment.

1

WHEREFORE, Defendant prays for this Court to enter summary judgment in favor of Defendant as to all remaining claims in this action, to tax the costs of this action to the Plaintiff and to grant such other and further relief as the Court deems just and proper.

Dated:  May 22, 2026                    **WOMBLE BOND DICKINSON (US) LLP**

By:     /s/ James S. Livermon, III
        James S. Livermon, III
        NC State Bar No. 26492
        Jesse A. Schaefer
        NC State Bar No. 44773
        Eudora F. S. Arthur
        NC State Bar No. 59854
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2148
        Email:  charlie.livermon@wbd-us.com
                jesse.schaefer@wbd-us.com
                dorie.arthur@wbd-us.com

        *Counsel for Hunt Electric Supply Company*

## CERTIFICATE OF SERVICE

I, the undersigned, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, the foregoing Defendant's Motion for Summary Judgment was served by electronic means through the court's CM/ECF service on:

> Joseph Z. Frost, Esq.
> Buckmiller, Boyette & Frost, PLLC
> *Attorney for Debtor-Plaintiff MSS, Inc.*

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  May 22, 2026                    **WOMBLE BOND DICKINSON (US) LLP**


By:     /s/ James S. Livermon, III
        James S. Livermon, III
        NC State Bar No. 26492
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2148
        Email: charlie.livermon@wbd-us.com

        *Counsel for Hunt Electric Supply Company*

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MSS, INC.,

      Debtor.

---

MSS, INC.,

      Plaintiff,

    v.

HUNT ELECTRIC SUPPLY
COMPANY,

      Defendant.

Case No. 23-02487-5-JNC
Chapter 11

Adversary Proceeding
No. 25-00045-5-JNC

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Hunt Electric Supply Company moves pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7056, for entry of summary judgment in its favor on the remaining claim asserted by Plaintiff MSS, Inc. ("Plaintiff"). In support of this Motion, Hunt states as follows:

## **INTRODUCTION**

Following this Court's Order granting in part and denying in part Defendant's Motion to Dismiss, the surviving dispute concerns three transfers totaling $290,053.50: a $3,965.35 payment listed by Plaintiff as occurring on June 7, 2023; an

4

$11,088.15 payment listed by Plaintiff as occurring on July 14, 2023; and a $275,000.00 payment made by NorthView Construction, LLC ("NorthView") to Defendant on July 21, 2023 in connection with a project commonly known as the Meridian at Rogers Branch project (the "Meridian Project"). The undisputed record establishes that Plaintiff cannot satisfy the requirements of § 547(b) as to the $3,965.35 payment or the $275,000.00 payment, and the only remaining transfer is less than Hunt's Rule 68 offer of judgment.

The $3,965.35 payment fails because the evidence establishes that the transfer was made before the 90-day preference period began. The $275,000.00 transfer fails because before the payment was made, Defendant held valid, project-specific lien rights under Chapter 44A of the North Carolina General Statutes in an amount greater than the payment. Because Defendant was secured as to the Meridian Project, Plaintiff cannot prove that the payment enabled Defendant to receive more than it would have received in a hypothetical chapter 7 case.

That leaves, at most, the $11,088.15 transfer. Hunt's Rule 68 offer of judgment was $11,850.00, inclusive of interest, accrued costs, and attorneys' fees. Plaintiff did not accept that offer within the time allowed. Accordingly, the Court should enter summary judgment in Defendant's favor as to the $3,965.35 transfer and the $275,000.00 transfer, limiting any remaining recovery to no more than $11,088.15.

## FACTUAL BACKGROUND

Prior to the filing of the petition, Defendant was the near exclusive provider of electrical supplies to Plaintiff in support of its work as a construction subcontractor

specializing in electrical work. (DE 1 ¶ 2., Hunt Aff. ¶ 3) Plaintiff filed for relief under Chapter 11 of the Bankruptcy Code on August 28, 2023 (the "Bankruptcy Case"). At all times relevant to this proceeding, Defendant was a creditor of Plaintiff.

Due to outstanding indebtedness, Defendant engaged in daily and weekly demands by calls, visits, and other communications seeking payment. (DE 1 ¶¶ 49, 51–53, 58–59, 76(a)). Hunt threatened to cancel outstanding unpaid orders, switched Plaintiff to cash-on-delivery terms, and refused to deliver materials for which payment had not been received. (DE 1 ¶¶ 42, 55–56, 76(c)–(d), 79.) Payments thereafter received directly from Plaintiff were applied by Defendant to the oldest invoices first. (DE 1 ¶ 61., Hunt Aff. ¶ 6)

Within the 90-day period before the Bankruptcy Case was filed, Defendant received three payments totaling $290,053.50. One of the payments (in the amount of $275,000) was made on July 21, 2023, by the general contractor of one of Plaintiff's projects, NorthView Construction, LLC. (DE 1 ¶¶ 85, 118; DE 1-1, at Ex. 3; Hunt Aff. ¶ 7). The other payments at issue were made directly by Plaintiff:

a) One payment of $11,088.15 made on June 6, 2023, though it is alleged to have been made on July 14, 2023; and

b) One payment of $3,965.35 made on May 15, 2023, as evidenced by the check providing payment and the remote deposit capture receipt attached hereto as **Exhibit A** (the "Check and Deposit Capture"), though it is alleged to have been made on June 7, 2023 (Hunt Aff. ¶¶ 4-5).

The payment received by Defendant in the amount of $275,000.00 was paid on account of a Claim of Lien on Real Property and Notice of Claim of Lien Upon Funds for the Meridian Project filed by Defendant and served upon all relevant parties on July 10, 2023 (the "Claim of Lien") attached hereto as **Exhibit B** (Hunt Aff. ¶ 8). The Lien identifies Meridian at Rogers Branch, LLC as owner, NorthView Construction, LLC as general contractor, MSS-Ortiz Electrical Services as the first-tier subcontractor, and Defendant as the second-tier subcontractor and lien claimant (Hunt Aff. ¶ 8).

The Claim of Lien asserted that Defendant supplied electrical supplies and materials for the construction and repair of the property subject to the Meridian Project and that the amount due to Defendant on the Meridian Project was $315,683.44, plus interest, court costs, and attorneys' fees to the extent allowed by law (Hunt Aff. ¶ 9). On July 21, 2023, NorthView, the general contractor for the Meridian Project, made a payment of $275,000.00 to Defendant in full settlement of the Lien. The funds were applied to amounts owed by Plaintiff to Defendant for electrical materials, goods, supplies, and products furnished for the Meridian Project (Hunt Aff. ¶¶ 7,10).

Plaintiff commenced this adversary proceeding on February 28, 2025, seeking avoidance and recovery of alleged preferential transfers and asserting additional claims that included constructive fraudulent transfer, tortious interference, and unfair and deceptive trade practices claims. On September 2, 2025, the Court entered an order dismissing the preference claims based on transfers made more than 90 days

before the petition date, the constructive fraudulent transfer claim in its entirety, the tortious interference claim and the UDTPA claim. (D.E. 21). The only remaining claim at this juncture is Plaintiff's preference claim as to transfers allegedly made within 90 days of the petition date, together with the corresponding § 550 recovery claim.

The 90th day before the August 28, 2023 petition date was May 30, 2023, and a transfer made before that date is outside the non-insider preference period. The Court's order identified three aforementioned transfers totaling $290,053.50 that Plaintiff alleged occurred within that 90-day period: the $3,965.35 payment, the $11,088.15 payment, and the $275,000.00 payment.

## STANDARD OF REVIEW

Summary judgment is proper where the moving party establishes that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant . . . ." *Humboldt Express, Inc. v. The Wise Co.* (*In re Apex Express Corp.*), 190 F.3d 624, 633 (4th Cir. 1999).

8

When a party submits admissible evidence along with its summary judgment motion, the court may determine that trial is unnecessary if the facts are undisputed or if the dispute is immaterial to the disposition of the summary judgment motion. *Mitchell v. Data General Corp.*, 12 F.3d 1310 (4th Cir. 1993). To be considered, evidence presented must be stipulated, uncontested, or otherwise admissible at trial. *In re Coley*, 609 B.R. 298, 307 (Bankr. E.D.N.C. 2019). "The evidence need not be introduced in the form required at trial so long as 'the substance or content of the evidence . . . [is] admissible . . . .' *Id.* (quoting 11 James Wm. Moore et al., Moore's Federal Practice, ¶ 56.91[2] (3d ed. 2017)).

To avoid a transfer as preferential under 11 U.S.C. § 547(b), Plaintiff must establish that the transfers were made (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before the transfer was made; (3) made while the debtor was insolvent; (4) made on or within 90 days before the petition date, and (5) enabled the creditor to receive more than it would have received in a chapter 7 case if the transfer had not been made and the creditor received payment of its debt under the Bankruptcy Code.

Because the Court dismissed Plaintiff's insider preference theory, Plaintiff may proceed only on transfers made within the non-insider 90-day preference period. If Plaintiff cannot establish the 90-day element or the greater-than-chapter-7 element as to a challenged transfer, summary judgment must be entered for Hunt on that transfer.

## ARGUMENT

9

I.    **HUNT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO THE $3,965.35 PAYMENT BECAUSE IT WAS MADE OUTSIDE THE PREFERENCE PERIOD**

Plaintiff can avoid a transfer to a non-insider only if the transfer was made on or within 90 days before the petition date. 11 U.S.C. § 547(b)(4)(A). Plaintiff filed its petition on August 28, 2023, so the 90-day preference period began on May 30, 2023. Though the Plaintiff alleges that the $3,965.35 payment was made on June 7, 2023, the $3,965.35 Check and Deposit Capture establishes that the $3,965.35 transfer was made on May 15, 2023 and deposited on May 16, 2023 (Hunt Aff. ¶¶ 4-5). Under 11 U.S.C. § 547(e)(2)(A), a transfer is deemed "made" when it takes effect between the parties, provided it is perfected within thirty days thereafter. The transfer of funds by check takes effect when the check is honored—here, when the funds were deposited on May 16, 2023. Because this date preceded the May 30, 2023 commencement of the preference period, and because Hunt is not an insider for purposes of this case, Plaintiff cannot satisfy § 547(b)(4). Summary judgment should therefore be entered in favor of Defendant with regard to the $3,965.35 payment.

II.    **HUNT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO THE $275,000.00 NORTHVIEW PAYMENT BECAUSE HUNT WAS A SECURED CREDITOR.**

The $275,000.00 transfer was made by NorthView on July 21, 2023 in connection with the Meridian Project. Plaintiff alleges that the funds represented amounts owed to Plaintiff under the NVC Construction Contract and that Defendant applied the payment to amounts owed for materials, goods, supplies, and products furnished for that project (Hunt Aff. ¶¶ 7,10). Those allegations are consistent with

10

the Claim of Lien circulated during discovery, which show that Defendant asserted project-specific secured rights against the same Meridian Property and the same project payment stream by filing the Lien. Under North Carolina's mechanics' lien statutes, Defendant held two forms of security: (1) a claim of lien upon funds pursuant to N.C. Gen. Stat. § 44A-18, which grants a second-tier subcontractor a lien upon funds owed by the contractor to the first-tier subcontractor; and (2) a claim of lien on real property pursuant to N.C. Gen. Stat. § 44A-23, which grants a lien upon the real property improved.

Before receiving the $275,000.00 payment, Defendant filed the Claim of Lien and served a Notice of Claim of Lien Upon Funds for the Meridian project (Hunt Aff. ¶ 8). The Lien identifies the same project, owner, general contractor, first-tier subcontractor, and property tied to the $275,000.00 transfer. Following payment, the Lien was released and satisfied on July 21, 2023, the same date as the challenged transfer, as evidenced by the Certificate of Satisfaction, Release and Cancellation of Lien attached hereto as Exhibit C and incorporated herein (Hunt Aff. ¶ 10). The release states that Hunt settled and released all claims for payment against Meridian at Rogers Branch, LLC, NorthView Construction, LLC, and the subject property for the labor, materials, and supplies described in the Lien.

For this reason, Plaintiff cannot establish the greater-than-chapter-7 element of § 547(b)(5). A payment to a fully secured creditor on account of its collateral does not improve that creditor's position relative to other creditors because the creditor would have been entitled to realize on its collateral absent payment. Courts

11

addressing § 547(b)(5) have held that a transfer to a creditor holding a valid security interest or lien does not enable the creditor to receive more than it would in a chapter 7 case, because the creditor's secured claim would be satisfied from the collateral. *Hager v. Gibson*, 109 F.3d 201 (4th Cir. 1997).

Here, Defendant's lien rights ($315,683.44) exceeded the amount of the challenged transfer ($275,000.00), and the payment corresponds to the project-specific funds and property interests described in Defendant's Lien (Hunt Aff. ¶ 12). Because Defendant was fully secured at the time of the transfer, the payment did not enable Defendant to receive more than it would have received had the transfer not been made and had Defendant received payment under the Bankruptcy Code.

The Court's order on Hunt's motion to dismiss anticipated this exact issue. The Court noted that Defendant asserted that the $275,000.00 transfer resulted from a timely and properly filed notice of claim of lien on funds and claim of lien filed July 10, 2023, and that Defendant maintained that the $275,000.00 transfer could not be a preference because Defendant was a bona fide secured creditor. Though the Court declined to dismiss the claim at the pleading stage because Defendant's argument required consideration of facts outside the complaint and because the validity and effect of the Chapter 44A liens could not be decided on the pleadings, those facts are now before the Court on summary judgment.

Because Hunt was secured by valid Chapter 44A lien rights in excess of the payment amount when it received the $275,000.00 transfer, Plaintiff cannot satisfy § 547(b)(5). The Fourth Circuit has recognized that a creditor holding a perfected

security interest in collateral of sufficient value to cover the debt is not a preference transferee under § 547(b)(5). *In re JKJ Chevrolet, Inc.*, 412 F.3d 545 (4th Cir. 2005). Summary judgment should be entered in favor of Hunt on the $275,000.00 transfer.

## CONCLUSION

There are no genuine issues of material fact as to the $3,965.35 transfer or the $275,000.00 transfer. Plaintiff cannot avoid the $3,965.35 transfer because it was made outside the preference period, and Plaintiff cannot avoid the $275,000.00 transfer because Hunt was secured by Chapter 44A lien rights exceeding the amount paid. Once those two transfers are removed, the only remaining possible recovery is $11,088.15.

For the foregoing reasons, Hunt respectfully submits that summary judgment should be GRANTED in Defendant's favor as to the $3,965.35 transfer and the $275,000.00 transfer, that any remaining recovery should be limited to no more than $11,088.15, and that this Court should GRANT Hunt such other and further relief as justice so requires. If this matter proceeds to trial on the $11,088.15 transfer and Plaintiff ultimately recovers less than Hunt's Rule 68 offer of $11,850.00, Defendant reserves the right to seek costs incurred after the date of the offer pursuant to Fed. R. Civ. P. 68(d).

Dated:  May 22, 2026         **WOMBLE BOND DICKINSON (US) LLP**

By:    /s/ James S. Livermon, III
        James S. Livermon, III
        NC State Bar No. 26492
        Jesse A. Schaefer
        NC State Bar No. 44773
        Eudora F. S. Arthur
        NC State Bar No. 59854
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2148
        Email:  charlie.livermon@wbd-us.com
               jesse.schaefer@wbd-us.com
               dorie.arthur@wbd-us.com

*Counsel for Hunt Electric Supply Company*

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, the foregoing Memorandum of Law in Support of Defendant's Motion for Summary Judgment was served by electronic means through the court's CM/ECF service on:

> Joseph Z. Frost, Esq.
> Buckmiller, Boyette & Frost, PLLC
> *Attorney for Debtor-Plaintiff MSS, Inc.*

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  May 22, 2026               **WOMBLE BOND DICKINSON (US) LLP**

By:     /s/ James S. Livermon, III
        James S. Livermon, III
        NC State Bar No. 26492
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2148
        Email: charlie.livermon@wbd-us.com

        *Counsel for Hunt Electric Supply Company*

15