UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>MSS, INC.,<br><br>      Debtor. | Case No. 23-02487-5-JNC<br>Chapter 11 |
| MSS, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>HUNT ELECTRIC SUPPLY<br>COMPANY,<br><br>      Defendant. | Adversary Proceeding<br>No. 25-00045-5-JNC |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Hunt Electric Supply Company moves pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7056, for entry of summary judgment in its favor on the remaining claim asserted by Plaintiff MSS, Inc. ("Plaintiff"). In support of this Motion, Hunt states as follows:

**<u>INTRODUCTION</u>**

Following this Court's Order granting in part and denying in part Defendant's Motion to Dismiss, the surviving dispute concerns three transfers totaling $290,053.50: a $3,965.35 payment listed by Plaintiff as occurring on June 7, 2023; an

$11,088.15 payment listed by Plaintiff as occurring on July 14, 2023; and a $275,000.00 payment made by NorthView Construction, LLC ("NorthView") to Defendant on July 21, 2023 in connection with a project commonly known as the Meridian at Rogers Branch project (the "Meridian Project"). The undisputed record establishes that Plaintiff cannot satisfy the requirements of § 547(b) as to the $3,965.35 payment or the $275,000.00 payment, and the only remaining transfer is less than Hunt's Rule 68 offer of judgment.

The $3,965.35 payment fails because the evidence establishes that the transfer was made before the 90-day preference period began. The $275,000.00 transfer fails because before the payment was made, Defendant held valid, project-specific lien rights under Chapter 44A of the North Carolina General Statutes in an amount greater than the payment. Because Defendant was secured as to the Meridian Project, Plaintiff cannot prove that the payment enabled Defendant to receive more than it would have received in a hypothetical chapter 7 case.

That leaves, at most, the $11,088.15 transfer. Hunt's Rule 68 offer of judgment was $11,850.00, inclusive of interest, accrued costs, and attorneys' fees. Plaintiff did not accept that offer within the time allowed. Accordingly, the Court should enter summary judgment in Defendant's favor as to the $3,965.35 transfer and the $275,000.00 transfer, limiting any remaining recovery to no more than $11,088.15.

**FACTUAL BACKGROUND**

Prior to the filing of the petition, Defendant was the near exclusive provider of electrical supplies to Plaintiff in support of its work as a construction subcontractor

specializing in electrical work. (DE 1 ¶ 2., Hunt Aff. ¶ 3) Plaintiff filed for relief under Chapter 11 of the Bankruptcy Code on August 28, 2023 (the "Bankruptcy Case"). At all times relevant to this proceeding, Defendant was a creditor of Plaintiff.

Due to outstanding indebtedness, Defendant engaged in daily and weekly demands by calls, visits, and other communications seeking payment. (DE 1 ¶¶ 49, 51–53, 58–59, 76(a)). Hunt threatened to cancel outstanding unpaid orders, switched Plaintiff to cash-on-delivery terms, and refused to deliver materials for which payment had not been received. (DE 1 ¶¶ 42, 55–56, 76(c)–(d), 79.) Payments thereafter received directly from Plaintiff were applied by Defendant to the oldest invoices first. (DE 1 ¶ 61., Hunt Aff. ¶ 6)

Within the 90-day period before the Bankruptcy Case was filed, Defendant received three payments totaling $290,053.50. One of the payments (in the amount of $275,000) was made on July 21, 2023, by the general contractor of one of Plaintiff's projects, NorthView Construction, LLC. (DE 1 ¶¶ 85, 118; DE 1-1, at Ex. 3; Hunt Aff. ¶ 7). The other payments at issue were made directly by Plaintiff:

a) One payment of $11,088.15 made on June 6, 2023, though it is alleged to have been made on July 14, 2023; and

b) One payment of $3,965.35 made on May 15, 2023, as evidenced by the check providing payment and the remote deposit capture receipt attached hereto as **Exhibit A** (the "Check and Deposit Capture"), though it is alleged to have been made on June 7, 2023 (Hunt Aff. ¶¶ 4-5).

6

The payment received by Defendant in the amount of $275,000.00 was paid on account of a Claim of Lien on Real Property and Notice of Claim of Lien Upon Funds for the Meridian Project filed by Defendant and served upon all relevant parties on July 10, 2023 (the "Claim of Lien") attached hereto as **Exhibit B** (Hunt Aff. ¶ 8). The Lien identifies Meridian at Rogers Branch, LLC as owner, NorthView Construction, LLC as general contractor, MSS-Ortiz Electrical Services as the first-tier subcontractor, and Defendant as the second-tier subcontractor and lien claimant (Hunt Aff. ¶ 8).

The Claim of Lien asserted that Defendant supplied electrical supplies and materials for the construction and repair of the property subject to the Meridian Project and that the amount due to Defendant on the Meridian Project was $315,683.44, plus interest, court costs, and attorneys' fees to the extent allowed by law (Hunt Aff. ¶ 9). On July 21, 2023, NorthView, the general contractor for the Meridian Project, made a payment of $275,000.00 to Defendant in full settlement of the Lien. The funds were applied to amounts owed by Plaintiff to Defendant for electrical materials, goods, supplies, and products furnished for the Meridian Project (Hunt Aff. ¶¶ 7,10).

Plaintiff commenced this adversary proceeding on February 28, 2025, seeking avoidance and recovery of alleged preferential transfers and asserting additional claims that included constructive fraudulent transfer, tortious interference, and unfair and deceptive trade practices claims. On September 2, 2025, the Court entered an order dismissing the preference claims based on transfers made more than 90 days

before the petition date, the constructive fraudulent transfer claim in its entirety, the tortious interference claim and the UDTPA claim. (D.E. 21). The only remaining claim at this juncture is Plaintiff's preference claim as to transfers allegedly made within 90 days of the petition date, together with the corresponding § 550 recovery claim.

The 90th day before the August 28, 2023 petition date was May 30, 2023, and a transfer made before that date is outside the non-insider preference period. The Court's order identified three aforementioned transfers totaling $290,053.50 that Plaintiff alleged occurred within that 90-day period: the $3,965.35 payment, the $11,088.15 payment, and the $275,000.00 payment.

## **STANDARD OF REVIEW**

Summary judgment is proper where the moving party establishes that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant . . . ." *Humboldt Express, Inc. v. The Wise Co.* (*In re Apex Express Corp.*), 190 F.3d 624, 633 (4th Cir. 1999).

When a party submits admissible evidence along with its summary judgment motion, the court may determine that trial is unnecessary if the facts are undisputed or if the dispute is immaterial to the disposition of the summary judgment motion. *Mitchell v. Data General Corp.*, 12 F.3d 1310 (4th Cir. 1993). To be considered, evidence presented must be stipulated, uncontested, or otherwise admissible at trial. *In re Coley*, 609 B.R. 298, 307 (Bankr. E.D.N.C. 2019). "The evidence need not be introduced in the form required at trial so long as 'the substance or content of the evidence . . . [is] admissible . . . .' *Id.* (quoting 11 James Wm. Moore et al., Moore's Federal Practice, ¶ 56.91[2] (3d ed. 2017)).

To avoid a transfer as preferential under 11 U.S.C. § 547(b), Plaintiff must establish that the transfers were made (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before the transfer was made; (3) made while the debtor was insolvent; (4) made on or within 90 days before the petition date, and (5) enabled the creditor to receive more than it would have received in a chapter 7 case if the transfer had not been made and the creditor received payment of its debt under the Bankruptcy Code.

Because the Court dismissed Plaintiff's insider preference theory, Plaintiff may proceed only on transfers made within the non-insider 90-day preference period. If Plaintiff cannot establish the 90-day element or the greater-than-chapter-7 element as to a challenged transfer, summary judgment must be entered for Hunt on that transfer.

## ARGUMENT

**I.** **HUNT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO THE $3,965.35 PAYMENT BECAUSE IT WAS MADE OUTSIDE THE PREFERENCE PERIOD**

Plaintiff can avoid a transfer to a non-insider only if the transfer was made on or within 90 days before the petition date. 11 U.S.C. § 547(b)(4)(A). Plaintiff filed its petition on August 28, 2023, so the 90-day preference period began on May 30, 2023. Though the Plaintiff alleges that the $3,965.35 payment was made on June 7, 2023, the $3,965.35 Check and Deposit Capture establishes that the $3,965.35 transfer was made on May 15, 2023 and deposited on May 16, 2023 (Hunt Aff. ¶¶ 4-5). Under 11 U.S.C. § 547(e)(2)(A), a transfer is deemed "made" when it takes effect between the parties, provided it is perfected within thirty days thereafter. The transfer of funds by check takes effect when the check is honored—here, when the funds were deposited on May 16, 2023. Because this date preceded the May 30, 2023 commencement of the preference period, and because Hunt is not an insider for purposes of this case, Plaintiff cannot satisfy § 547(b)(4). Summary judgment should therefore be entered in favor of Defendant with regard to the $3,965.35 payment.

**II.** **HUNT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO THE $275,000.00 NORTHVIEW PAYMENT BECAUSE HUNT WAS A SECURED CREDITOR.**

The $275,000.00 transfer was made by NorthView on July 21, 2023 in connection with the Meridian Project. Plaintiff alleges that the funds represented amounts owed to Plaintiff under the NVC Construction Contract and that Defendant applied the payment to amounts owed for materials, goods, supplies, and products furnished for that project (Hunt Aff. ¶¶ 7,10). Those allegations are consistent with

the Claim of Lien circulated during discovery, which show that Defendant asserted project-specific secured rights against the same Meridian Property and the same project payment stream by filing the Lien. Under North Carolina's mechanics' lien statutes, Defendant held two forms of security: (1) a claim of lien upon funds pursuant to N.C. Gen. Stat. § 44A-18, which grants a second-tier subcontractor a lien upon funds owed by the contractor to the first-tier subcontractor; and (2) a claim of lien on real property pursuant to N.C. Gen. Stat. § 44A-23, which grants a lien upon the real property improved.

Before receiving the $275,000.00 payment, Defendant filed the Claim of Lien and served a Notice of Claim of Lien Upon Funds for the Meridian project (Hunt Aff. ¶ 8). The Lien identifies the same project, owner, general contractor, first-tier subcontractor, and property tied to the $275,000.00 transfer. Following payment, the Lien was released and satisfied on July 21, 2023, the same date as the challenged transfer, as evidenced by the Certificate of Satisfaction, Release and Cancellation of Lien attached hereto as Exhibit C and incorporated herein (Hunt Aff. ¶ 10). The release states that Hunt settled and released all claims for payment against Meridian at Rogers Branch, LLC, NorthView Construction, LLC, and the subject property for the labor, materials, and supplies described in the Lien.

For this reason, Plaintiff cannot establish the greater-than-chapter-7 element of § 547(b)(5). A payment to a fully secured creditor on account of its collateral does not improve that creditor's position relative to other creditors because the creditor would have been entitled to realize on its collateral absent payment. Courts

11

addressing § 547(b)(5) have held that a transfer to a creditor holding a valid security interest or lien does not enable the creditor to receive more than it would in a chapter 7 case, because the creditor's secured claim would be satisfied from the collateral. *Hager v. Gibson*, 109 F.3d 201 (4th Cir. 1997).

Here, Defendant's lien rights ($315,683.44) exceeded the amount of the challenged transfer ($275,000.00), and the payment corresponds to the project-specific funds and property interests described in Defendant's Lien (Hunt Aff. ¶ 12). Because Defendant was fully secured at the time of the transfer, the payment did not enable Defendant to receive more than it would have received had the transfer not been made and had Defendant received payment under the Bankruptcy Code.

The Court's order on Hunt's motion to dismiss anticipated this exact issue. The Court noted that Defendant asserted that the $275,000.00 transfer resulted from a timely and properly filed notice of claim of lien on funds and claim of lien filed July 10, 2023, and that Defendant maintained that the $275,000.00 transfer could not be a preference because Defendant was a bona fide secured creditor. Though the Court declined to dismiss the claim at the pleading stage because Defendant's argument required consideration of facts outside the complaint and because the validity and effect of the Chapter 44A liens could not be decided on the pleadings, those facts are now before the Court on summary judgment.

Because Hunt was secured by valid Chapter 44A lien rights in excess of the payment amount when it received the $275,000.00 transfer, Plaintiff cannot satisfy § 547(b)(5). The Fourth Circuit has recognized that a creditor holding a perfected

security interest in collateral of sufficient value to cover the debt is not a preference transferee under § 547(b)(5). *In re JKJ Chevrolet, Inc.*, 412 F.3d 545 (4th Cir. 2005). Summary judgment should be entered in favor of Hunt on the $275,000.00 transfer.

## <u>CONCLUSION</u>

There are no genuine issues of material fact as to the $3,965.35 transfer or the $275,000.00 transfer. Plaintiff cannot avoid the $3,965.35 transfer because it was made outside the preference period, and Plaintiff cannot avoid the $275,000.00 transfer because Hunt was secured by Chapter 44A lien rights exceeding the amount paid. Once those two transfers are removed, the only remaining possible recovery is $11,088.15.

For the foregoing reasons, Hunt respectfully submits that summary judgment should be GRANTED in Defendant's favor as to the $3,965.35 transfer and the $275,000.00 transfer, that any remaining recovery should be limited to no more than $11,088.15, and that this Court should GRANT Hunt such other and further relief as justice so requires. If this matter proceeds to trial on the $11,088.15 transfer and Plaintiff ultimately recovers less than Hunt's Rule 68 offer of $11,850.00, Defendant reserves the right to seek costs incurred after the date of the offer pursuant to Fed. R. Civ. P. 68(d).

Dated: May 22, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By:  /s/ James S. Livermon, III
James S. Livermon, III
NC State Bar No. 26492
Jesse A. Schaefer
NC State Bar No. 44773
Eudora F. S. Arthur
NC State Bar No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2148
Email:  charlie.livermon@wbd-us.com
jesse.schaefer@wbd-us.com
dorie.arthur@wbd-us.com

*Counsel for Hunt Electric Supply Company*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, the foregoing Memorandum of Law in Support of Defendant's Motion for Summary Judgment was served by electronic means through the court's CM/ECF service on:

> Joseph Z. Frost, Esq.
> Buckmiller, Boyette & Frost, PLLC
> *Attorney for Debtor-Plaintiff MSS, Inc.*

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  May 22, 2026      **WOMBLE BOND DICKINSON (US) LLP**


By:    /s/ James S. Livermon, III
        James S. Livermon, III
        NC State Bar No. 26492
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2148
        Email: charlie.livermon@wbd-us.com

        *Counsel for Hunt Electric Supply Company*

 **EXHIBIT A**

**MSS - ORTIZ Electrical Services**
Over 100 Years of Experience
2315 Sparger Road
Durham, NC 27705
919-382-0832

 **TRUIST** HH
64-10/610

24621

5/15/2023

PAY TO THE
ORDER OF ___ Hunt Electric Supply Co. ___ $ **3,965.35

Three Thousand Nine Hundred Sixty-Five and 35/100***************************************************************** DOLLARS

Hunt Electric Supply Company
PO Box 2440
Burlington, NC 27216



AUTHORIZED SIGNATURE

MEMO

WOUNDED WARRIORS FAMILY SUPPORT

---

**MSS - ORTIZ Electrical Services**

24621

Hunt Electric Supply Co.

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 5/15/2023 | Bill | | 3,965.35 | 3,965.35 | | 3,965.35 |

5/15/2023

Check Amount    3,965.35

Vintage

Checking    3,965.35

 

**Your Deposit Has Been Submitted**

From Truist Alerts <alertnotifications@message.truist.com>

Date Tue 5/16/2023 3:40 PM

To ██████████████████

TruistLogo

User Name: ████████
Client ID: ████████

# Remote Deposit Capture Received

This is an automated message. Please do not reply directly to this email.

## Your Deposit Has Been Submitted.

We received the following deposit through Remote Deposit Capture. Deposits are subject to verification and final payment and may not be available for immediate withdrawal.

| | |
|---|---|
| Customer Name | Rita Griffis |
| Deposit Account Number | ████████ |
| Deposit Amount | $3,965.35 |
| Deposit Memo | N/A |
| Deposit Location ID | 1 |
| Deposit ID Number | ████████ |
| Deposit Received (at Truist) | 05/16/2023 |
| Time Received (at Truist) | 3:40 PM EDT |
| Number of items (including Deposit) | 2 |

Questions? Contact Treasury Solutions Client Support at 1-800-774-8179.

Found this email in your spam or junk mail? Add alertnotifications@message.truist.com to your safe senders list to make sure your alerts are delivered to your inbox.

Truist Client Commitment: Protecting your information and identity is our priority. Truist will never send unsolicited emails asking clients to provide, update or verify their personal or account information, such as passwords, tax ID numbers, personal identification numbers (PINs), credit or debit card numbers, or other confidential information. If you believe your account security has been compromised or have any concerns, call Treasury Solutions Client Support immediately at 1-800-774-8179. Learn more about security at https://www.truist.com/fraud-and-security or privacy at https://www.truist.com/privacy.

Truist Financial Corporation. Truist Bank, Member FDIC. ©2023 Truist Financial Corporation. Truist, SunTrust, BB&T, Truist Purple, and the Truist logo are service marks of Truist Financial Corporation

**Abbie Thomas**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Tuesday, July 11, 2023 7:08 AM |
| **To:** | s |
| **Subject:** | Filing Accepted for Case: 23M003284-910; HUNT ELECTRIC SUPPLY COMPANY VS MERIDIAN AT ROGERS BRANCH, LLC; Envelope Number: 9 |

# Filing Accepted
Envelope Number: **142899**

The filing below was reviewed and has been accepted by the Clerk's office located in Wake District Court, NC. Please click the link below to retrieve a filed-stamped copy of your eFiled document

| Filing Details | |
|---|---|
| Court | District Court |
| Case Number | 23M003284-910 |
| Case Style | HUNT ELECTRIC SUPPLY COMPANY VS MERIDIAN AT ROGERS BRANCH, LLC |
| Date/Time Submitted | 7/10/2023 1:42 PM EST |
| Date/Time Accepted | 7/11/2023 7:07 AM EST |
| Accepted Comments | **Please submit the filling fee of $7.25 to the Wake County Clerk of Court** |
| Filing Type | Claim Of Lien |
| Activity Requested | EFile |
| Filed By | Abbie Thomas |

| Document Details | |
|---|---|
| Lead File | 7 7 23 Hunt Electric Rogers Branch Claim of Lien.pdf |
| Lead File Page Count | 6 |
| File Stamped Copy | https://northcarolina.tylertech.cloud/ViewDocuments.aspx?FID=561b8ab8-98f0-4e9f-9e1e-22c3883a16cf<br>This link is active for 60 days. |

| For Technical Assistance |
|---|

Contact Tyler Technologies

Please do not reply to this email. It was generated automatically by no-reply@efilingmail.tylertech.cloud.

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
23 M _____

## CLAIM OF LIEN ON REAL PROPERTY

PLEASE TAKE NOTICE that the undersigned lienor being a second-tier subcontractor as defined by G. S. §44A-23, claims a lien on the real property described herein.

1.   NAME AND ADDRESS OF PERSON CLAIMING THE CLAIM OF LIEN ON REAL PROPERTY:

HUNT ELECTRIC SUPPLY COMPANY
c/o R. Samuel Hunt, III, Registered Agent
1213 Maple Avenue
Burlington, NC 27215

2.   NAME AND ADDRESS OF RECORD OWNER OF THE REAL PROPERTY CLAIMED TO BE SUBJECT TO THE CLAIM OF LIEN ON REAL PROPERTY AT THE TIME THE CLAIM OF LIEN ON REAL PROPERTY IS FILED AND, IF THE CLAIM OF LIEN ON REAL PROPERTY IS BEING ASSERTED PURSUANT TO G.S. §44A-23, THE NAME OF THE CONTRACTOR THROUGH WHICH SUBROGATION IS BEING ASSERTED:

**Owner**:
Meridian at Rogers Branch, LLC
c/o NorthView Partners, LLC, Registered Agent
6131 Falls of Neuse Road, Suite 202
Raleigh, NC 27609
*As Listed on Lien Website*

**Lien Agent**:
Chicago Title Company, LLC
223 S. West Street, Suite 900
Raleigh, NC 27603

**General Contractor**:
NorthView Construction, LLC
c/o Mark R. Barker, Registered Agent
6131 Falls of Neuse Road, Suite 202
Raleigh, NC 27609

01603C-000096/456683 v1

Electronically Filed Date: 7/10/2023 1:42 PM  Wake County Clerk of Superior Court

<u>First Tier Subcontractor:</u>
MSS-Ortiz Electrical Services
2315 Sparger Road
Durham, NC 27705

3.  DESCRIPTION OF THE REAL PROPERTY UPON WHICH THE CLAIM OF
    LIEN ON REAL PROPERTY IS CLAIMED:  The real property and improvements
    thereon recorded in Deed Book 18211, Page 1106 of the Wake County Registry, to which
    reference is hereby made for a more particular description of same.  The physical address
    of this property 1120 Meridian Branch Drive, Wake Forest, NC 27587.

4.  NAME AND ADDRESS OF PERSON WITH WHOM THE CLAIMANT
    CONTRACTED FOR THE FURNISHING OF LABOR OR MATERIALS:

    MSS-Ortiz Electrical Services
    2315 Sparger Road
    Durham, NC 27705

5.  DATE UPON WHICH LABOR OR MATERIALS WERE FIRST FURNISHED
    UPON SAID PROPERTY BY THE CLAIMANT:          June 2, 2021

6.  DATE UPON WHICH LABOR OR MATERIALS WERE LAST FURNISHED
    UPON SAID PROPERTY BY THE CLAIMANT:          April 4, 2023

7.  GENERAL DESCRIPTION OF THE LABOR PERFORMED, MATERIALS
    FURNISHED AND THE AMOUNT CLAIMED THEREFORE:  Hunt Electric
    Supply Company was contracted by MSS-Ortiz Electrical to make improvements to the
    real property located at 1120 Meridian Branch Drive, Wake Forest, NC 27587 as
    recorded in Deed Book 18211, Page 1106 of the Office of the Register of Deeds of Wake
    County, NC.  Hunt Electric supplied electrical supplies and material for purposes of
    construction and repairs to the property listed in this paragraph. The amount due to
    Claimant on the project is Three Hundred Fifteen Thousand and Six Hundred Eighty-
    Three Dollars and Forty-Four Cents ($315,683.44) plus interest, court costs and
    attorney's fees to the extent allowed by law.

<u>CERTIFICATION</u>

I hereby certify that I have served the parties listed in Paragraph 2 above in
accordance with the requirements of G.S. 44A-11.

Submitted for and on behalf of the above-named lien claimant this the ___7th___ day of July, 2023.

HUNT ELECTRIC SUPPLY COMPANY
*Lien Claimant*

By: _____
BENJAMIN D. OVERBY
*Attorney for Lien Claimant*

OF COUNSEL:

THE VERNON LAW FIRM, P.A.
P.O. Drawer 2958
Burlington, North Carolina 27216-2958
Telephone: (336) 227-8851
Facsimile: (336) 226-3866
Email: bdo@vernonlaw.com

EXHIBIT
C

NORTH CAROLINA

WAKE COUNTY

## NOTICE OF CLAIM OF LIEN UPON FUNDS
## BY SECOND TIER SUBCONTRACTOR

PLEASE TAKE NOTICE that HUNT ELECTRIC SUPPLY COMPANY, 1213 Maple Avenue, Burlington, NC 27215, claims a lien on funds owed to the contractor against or through whom this claim is made. Upon receipt of this lien on funds you may not make any further payments to any of these parties unless you retain from such payments an amount sufficient to satisfy this lien on funds claimed herein. Failure to retain such funds may result in direct liability to the lien claimant.

1. **Owner of Property Involved:**

   Meridian at Rogers Branch, LLC
   6131 Falls of Neuse Road, Suite 202
   Raleigh, NC 27609
   *As Listed on Lien Website*

2. **Lien Agent:**

   Chicago Title Company, LLC
   223 S. West Street Suite 900
   Raleigh, NC 27603

3. **General Contractor:**

   NorthView Construction, LLC
   c/o Mark R. Barker, Registered Agent
   6131 Falls of Neuse Road, Suite 202
   Raleigh, NC 27609

4. **Name and address of first-tier subcontractor against or through whom subrogation is claimed, if any:**

   MSS-Ortiz Electrical Services
   2315 Sparger Road
   Durham, NC 27705

5.  **General description of real property where labor performed or material furnished:** The real property and improvements thereon recorded in Deed Book 18211, Page 1106 of the Wake County Registry, to which reference is hereby made for a more particular description of same. The physical address of this property 1120 Meridian Branch Drive, Wake Forest, NC 27587.

6.  **General description of undersigned lien claimant's contract including the names of the parties thereto:** Hunt Electric supplied electrical supplies and material for purposes of construction and repairs to the property listed in this paragraph to MSS-Ortiz Electrical Services. The real property and improvements thereon recorded in Deed Book 18211, Page 1106 of the Wake County Registry, to which reference is hereby made for a more particular description of same. The physical address of this property 1120 Meridian Branch Drive, Wake Forest, NC 27587.

7.  **The amount of lien upon funds claimed pursuant to the above-described contract:**

$315,683.44

The undersigned lien claimant gives this **Notice of Claim of Lien upon funds** pursuant to North Carolina law and claims ALL RIGHTS OF SUBROGATION to which he is entitled under Part 2 of Article 2 of Chapter 44A of the General Statutes of North Carolina.

Dated: July ___, 2023

HUNT ELECTRIC SUPPLY COMPANY
*Lien Claimant*

By: _____
,BENJAMIN D. OVERBY
*Attorney for Lien Claimant*

OF COUNSEL:

THE VERNON LAW FIRM, P.A.
P.O. Drawer 2958
Burlington, North Carolina 27216-2958
Telephone: (336) 227-8851
Facsimile: (336) 226-3866
Email: bdo@vernonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day duly served a copy of the Notice of Claim of Lien on Funds on the following by depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department, **by certified mail, return-receipt requested,** properly addressed to the following:

Meridian at Rogers Branch, LLC
c/o NorthView Partners, LLC, Registered Agent
6131 Falls of Neuse Road, Suite 202
Raleigh, NC 27609

Chicago Title Company, LLC
223 S. West Street, Suite 900
Raleigh, NC 27603

MSS-Ortiz Electrical Services
2315 Sparger Road
Durham, NC 27705

NorthView Construction, LLC
c/o Mark R. Barker, Registered Agent
6131 Falls of Neuse Road, Suite 202
Raleigh, NC 27609

This the _____ day of July, 2023.

BENJAMIN D. OVERBY
*Attorney for Lien Claimant*

01603C-000096/456683 v1

| STATE OF NORTH CAROLINA | CERTIFICATE OF SATISFACTION, |
|---|---|
| | RELEASE AND CANCELLATION OF |
| COUNTY OF WAKE | LIEN |
| | 23M003284-910 |

On or about July 10, 2023, Hunt Electric Supply Company ("Hunt Electric") filed and served a Claim of Lien on Real Property and a Notice of Claim of Lien on Funds by second-tier subcontractor (the "Lien") in the principal amount of $315,683.44 against property described as that certain real property and improvements thereon situated at the physical address of 1120 Meridian Branch Drive, Wake Forest, NC 27587, and being further described in Deed Book 18211, Page 1106 of the Wake County Registry (the "Property"). The Lien names Meridian at Rogers Branch, LLC as the owner of the Property and NorthView Construction, LLC as the General Contractor. The Lien was recorded in the office of the Wake County Clerk of Superior Court as file number 23M003284-910.

Hunt Electric acknowledges that it has settled, and hereby waives and releases all claims for payment against Meridian at Rogers Branch, LLC, NorthView Construction, LLC and the Property for the labor, materials and supplies set forth in the Lien. The Lien, and the claims set forth therein have been settled, released and satisfied, and Hunt Electric hereby authorizes and directs the Wake County Clerk of Superior Court to satisfy and cancel the Lien on the Clerk's records, as provided in N.C. Gen. Stat. §44A-16(2).

This the 21 day of July, 2023.

Sworn to and subscribed before me,
this the 21 day of July, 2023.

_____
Notary Public
My Commission Expires: 6-7-2025

Lien Claimant:
Hunt Electric Supply Company

By: _____

Name: Sam Hunt IV

Title: President

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing **CERTIFICATE OF SATISFACTION, RELEASE AND CANCELLATION OF LIEN** was duly served in accordance with the provisions of Rule 5 of the North Carolina Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

The Vernon Law Firm, P.A.
c/o Benjamin D. Overby
P.O. Drawer 2958
Burlington, NC 27216-2958

Hunt Electric Supply Company
c/o R. Samuel Hunt, III, Registered Agent
1213 Maple Ave.
Burlington, NC 27215

This the 24th day of July, 2023.

Jonathan W. Massell
Nexsen Pruet PLLC
c/o Jonathan W. Massell
4141 Parklake Ave., Ste. 200
Raleigh, North Carolina 27612
*Attorney for Meridian at Rogers Branch, LLC and NorthView Construction, LLC*

| STATE OF NORTH CAROLINA | CERTIFICATE OF SATISFACTION, RELEASE AND CANCELLATION OF LIEN |
|---|---|
| COUNTY OF WAKE | 23M003284-910 |

On or about July 10, 2023, Hunt Electric Supply Company ("Hunt Electric") filed and served a Claim of Lien on Real Property and a Notice of Claim of Lien on Funds by second-tier subcontractor (the "Lien") in the principal amount of $315,683.44 against property described as that certain real property and improvements thereon situated at the physical address of 1120 Meridian Branch Drive, Wake Forest, NC 27587, and being further described in Deed Book 18211, Page 1106 of the Wake County Registry (the "Property"). The Lien names Meridian at Rogers Branch, LLC as the owner of the Property and NorthView Construction, LLC as the General Contractor. The Lien was recorded in the office of the Wake County Clerk of Superior Court as file number 23M003284-910.

Hunt Electric acknowledges that it has settled, and hereby waives and releases all claims for payment against Meridian at Rogers Branch, LLC, NorthView Construction, LLC and the Property for the labor, materials and supplies set forth in the Lien. The Lien, and the claims set forth therein have been settled, released and satisfied, and Hunt Electric hereby authorizes and directs the Wake County Clerk of Superior Court to satisfy and cancel the Lien on the Clerk's records, as provided in N.C. Gen. Stat. §44A-16(2).

This the 21 day of July, 2023.

Sworn to and subscribed before me,
this the 2 l day of July, 2023.

_____
Notary Public

My Commission Expires: 6-7-2025

Lien Claimant:
Hunt Electric Supply Company

By: _____

Name: Sam Hunt IV

Title: President

NPDocuments:61459044.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **CERTIFICATE OF SATISFACTION, RELEASE AND CANCELLATION OF LIEN** was duly served in accordance with the provisions of Rule 5 of the North Carolina Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

The Vernon Law Firm, P.A.
c/o Benjamin D. Overby
P.O. Drawer 2958
Burlington, NC 27216-2958

Hunt Electric Supply Company
c/o R. Samuel Hunt, III, Registered Agent
1213 Maple Ave.
Burlington, NC 27215

This the 24th day of July, 2023.

Jonathan W. Massell
Nexsen Pruet PLLC
c/o Jonathan W. Massell
4141 Parklake Ave., Ste. 200
Raleigh, North Carolina 27612
*Attorney for Meridian at Rogers Branch, LLC and NorthView Construction, LLC*